J-S58005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEXTER V. SMITH, | |
| Appellant | No. 247 MDA 2016 |

Appeal from the Judgment of Sentence January 8, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0003611-2015

BEFORE: GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 22, 2016**

Appellant, Dexter V. Smith, appeals from the judgment of sentence imposed January 8, 2016. Appellant's counsel has filed a brief and a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous. We affirm the judgment of sentence and grant counsel's request to withdraw.

We take the factual and procedural history in this matter from the trial court's March 7, 2016 opinion.

> On Saturday, June 27, 2015, just after midnight, Manheim Township Police Officer Charles S. Wickers was patrolling the Lancaster Community Park in Lancaster Township in a marked

---

[*] Retired Senior Judge assigned to the Superior Court.

police vehicle. The park is closed from sunset to sunrise by [o]rdinance of Lancaster Township. During his patrol, Officer Wickers observed Appellant walking, with a backpack, in the park after hours and stopped him for the ordinance violation.

Appellant provided his Pennsylvania driver's license for identification purposes. A search of his name on the National Crime Information Center (NCIC) database revealed an outstanding warrant for Appellant through the Pennsylvania Capital Police for harassment by communication. Appellant was arrested on that active warrant and, on a search incident to arrest, was found to be in possession of a small plastic baggie filled with a vegetable matter. This substance was not found on his person, but rather in his backpack. Based upon his training and experience, Officer Wickers recognized the substance as marijuana. The marijuana was field tested and confirmed to contain THC, a Schedule I controlled substance. The marijuana was later weighed at approximately 2.4 grams.

Based on this recovered contraband and his presence in the park after hours, Appellant was charged with knowing and intentional possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31), and a summary violation of Lancaster Township Ordinance 192-3.

On January 8, 2016, following a non-jury trial, Appellant was found guilty of both charges. Appellant waived his right to a pre-sentence investigation report and immediately stood for sentencing. On Count I (possession), Appellant was sentenced to a fine of $500.00 plus costs, to include all lab expenses, and on Count II (park hours), Appellant was sentenced only to costs.

Appellant filed a timely [n]otice of [a]ppeal on February 5, 2016. [The trial court] ordered Appellant, on February 9, 2016, to file a concise statement of [errors] complained of on appeal pursuant to Pa.[]R.A.P. 192[5](b). In response, Appellant's counsel filed a [s]tatement of [i]ntent to file an **Anders** brief in lieu of a Rule 1925(b) concise statement pursuant to Pa[]R.A.P. 1925(c)(4), asserting that there are no non-frivolous matters that can be raised on appeal. . . .

(Trial Court Opinion, 3/07/16, at 1-3) (record citations and footnotes omitted). The trial court entered its opinion on March 7, 2016. **See** Pa.R.A.P. 1925(a).

When counsel submits an **Anders** brief, we must first rule on the petition to withdraw and then review the merits of the underlying issues. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Here, counsel has substantially complied with all the requirements of **Anders** and **Santiago**. Specifically, after reviewing the record, including the bench trial and sentencing transcripts, and concluding that an appeal to this Court would be wholly frivolous, she has petitioned this Court to withdraw from representation. (**See** Application for Leave to Withdraw as Counsel, 5/03/16, at unnumbered page 2).

In addition, counsel filed a brief with this Court that provides a summary of the procedural history and facts, refers to any facts or legal theories that arguably support the appeal, and explains why she believes the

appeal is wholly frivolous. (**See Anders** Brief, at 6-17).   Finally, she has attached, as an exhibit to her petition to withdraw, a copy of the letter she sent to Appellant giving him notice of his rights, and including a copy of the **Anders** brief and the petition.   (**See** Application, at unnumbered page 3); **see also Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005) (holding that counsel must attach copy of letter sent to client advising client of rights).

Because counsel has substantially complied with the requirements of **Anders**, **Santiago**, and **Millisock**, we will examine the issues set forth in the **Anders** brief that counsel believes could have arguable merit.   **See Garang**, **supra** at 240–41.

The **Anders** brief raises six issues for our review:[1]

[1.  Whether the evidence was sufficient] to sustain [Appellant's] convictions[?]

[2.   Whether the court properly admitted evidence from] the search of [Appellant's] backpack incident to arrest[?]

[3.   Whether Appellant is entitled to relief because] Officer Wickers perjured himself at the preliminary hearing because it was unclear whether the marijuana was field tested[?]

[4.  Whether Appellant is entitled to relief because] the cannabis was tampered with because the initial report by Officer Wickers

---

[1] The statement of question presented frames the issue as whether counsel should be permitted to withdraw because any appellate issues are frivolous; however, in the **Anders** brief's argument section, counsel identifies the issues Appellant wishes to raise. (**See Anders** Brief, at 5, 8-16).

stated that the cannabis weighed 2.4 grams while the lab report indicated the cannabis weighed 1.15 [grams?]

[5.  Whether] the court erred because [Appellant's] trial was scheduled to start at 1:30 p.m., but the Judge did not take the bench until 2:30 p.m.[?]

[6.  Whether Appellant is entitled to relief because he] was not afforded a **Marsden**[2] hearing to speak to the Judge privately in order to obtain a different court-appointed attorney[?]

(**See Anders** Brief, at 8, 11, 13-15).[3]

Appellant's first issue claims that the evidence was insufficient to support his convictions for possession of a controlled substance and the violation of a Lancaster Township Parks Ordinance.  (**See Anders** Brief, at 8-11).  We disagree.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Smith**, 97 A.3d 782, 790 (Pa. Super. 2014) (citations omitted).

An individual commits the offense of possession of a controlled substance where he "[K]nowingly or intentionally possess[es] a controlled or

---

[2] **People v. Marsden**, 465 P.2d 44 (Cal. 1970).

[3] The Commonwealth filed a letter stating it would not file a brief.  (**See** Letter of Assistant District Attorney to Deputy Prothonotary of Pennsylvania Superior Court, 5/06/16).

counterfeit substance . . . unless it was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner[.]"  35 P.S. § 780-113(a)(16).  Lancaster Township Parks Ordinance § 192-3 provides:  "All parks shall be open from sunrise to sunset."  Lancaster Township Park Ordinance § 192-3.

Here, the Commonwealth presented evidence at trial sufficient to prove beyond a reasonable doubt that Appellant possessed marijuana, a controlled substance, and was present in the park after sunset.  (*See* N.T. Trial, 1/08/16, at 6-8, 13-16, 19, 26-27).  Upon review, we conclude that, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, it established beyond a reasonable doubt that Appellant possessed marijuana, and that he was present in the Lancaster Township Community Park after sunset.  ***See Smith***, ***supra*** at 790.  Appellant's first issue does not merit relief.

In his second issue, Appellant argues that the court erred in admitting evidence of the marijuana because, he claims, it should have been suppressed as the product of an illegal search.  (***See Anders*** Brief, at 11-14).  However, Appellant did not raise this issue before the trial court.  "It is axiomatic that an issue cannot be raised for the first time on appeal." ***Commonwealth v. Hankerson***, 118 A.3d 415, 420 (Pa. Super. 2015) (citations omitted); ***see*** Pa.R.A.P. 302(a).  Therefore, Appellant's second issue does not merit relief.

In his third issue, Appellant claims that Officer Wickers perjured himself because he did not have the marijuana tested by the outside lab before the preliminary hearing, he had only field tested it. (**See Anders Brief**, at 13). Appellant's challenge to the credibility of the evidence presented by the Commonwealth, is properly characterized as a weight of the evidence challenge. **See Commonwealth v. Wilson**, 825 A.2d 710, 713–14 (Pa. Super. 2003). However, Appellant has not raised this issue with the trial court orally or in writing, or in a post-sentence motion. **See** Pa.R.Crim.P. 607. Thus, he has waived this claim. **See Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) ("[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver[.]" (citations omitted)). "Nevertheless, in light of [c]ounsel's petition to withdraw, we address Appellant's contention." **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted).

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is

imperative so that right may be given another opportunity to prevail.

***Commonwealth v. Clay***, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations and quotation marks omitted).

Here, Appellant's challenge to the weight of the evidence, based on the credibility of Officer Wickers, even if properly preserved, would not merit relief. At trial, Officer Wickers testified to the following:

Q. Officer Wickers, I believe you testified at [Appellant's] preliminary hearing?

A. Yes.

Q. And that was in July of 2015?

A. I believe so.

Q. At that time, had you yet sent the marijuana to the outside lab?

A. Yes.

Q. Okay.

A. Since then or before then?

Q. Sorry. Before then had you sent it to the lab?

A. No.

Q. But you had field tested it by that point in time?

A. Yes.

(N.T. Trial, at 17-18).

Upon review, Officer Wickers's credibility was not so undermined by his misstatement, which he quickly corrected, such that the verdict of guilt against Appellant shocked one's sense of justice. ***See Clay***, ***supra*** at 1054-55; ***Wilson***, ***supra*** at 713-14. Appellant's third issue would not merit relief.

- 8 -

In his fourth issue, Appellant claims that Officer Wickers tampered with the evidence because he testified that the weight of the marijuana was 2.4 grams whereas Ms. Bruno, the Pennsylvania State Police lab forensic scientist, testified that the weight was 1.15 grams. (*See Anders* Brief, at 14). Appellant did not object to Officer Wickers's testimony at trial, thus he cannot raise this issue for the first time on appeal. *See Hankerson*, *supra* at 420. Moreover, we note that Officer Wickers clearly testified that he weighed the suspected marijuana in the packaging, whereas, Ms. Bruno testified that she weighed the marijuana with the packaging removed. (*See* N.T. Trial, at 17, 27-28). Appellant's fourth issue is meritless.

In his fifth issue, Appellant claims that the trial court erred because "his trial was scheduled to start at 1:30 p.m., but the Judge did not take the bench until 2:30 p.m." (*Anders* Brief, at 14). We agree with counsel that Appellant's issue is frivolous.

In his sixth and final issue, Appellant claims that the court erred because it did not conduct a *Marsden* hearing[4] after he requested that the court appoint a different attorney to represent him. (*See id.* at 15). We disagree.

_____

[4] The Supreme Court of California in *Marsden*, *supra*, held that the trial court erred by not holding a hearing to determine whether the defendant was entitled to a change of appointed counsel after he alleged that counsel's representation was inadequate. *See Marsden*, *supra* at 47-48.

Our Supreme Court has explained, "the right to appointed counsel does not include the right to counsel of the defendant's choice." ***Commonwealth v. Albrecht***, 720 A.2d 693, 709 (Pa. 1998). "A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." Pa.R.Crim.P. 122(C). "Whether a motion for change of counsel should be granted is within the sound discretion of the trial court and will not be disturbed on appeal absent abuse of discretion." ***Commonwealth v. Cook***, 952 A.2d 594, 617 (Pa. 2008) (citations omitted).

Here, at the beginning of trial, Appellant alleged that he was having conflict issues with his appointed attorney and requested that the trial court appoint a new public defender. (***See*** N.T. Trial, at 3-4). The court explained to Appellant that he had the right to hire his own attorney, proceed with the attorney who had been court appointed, or proceed without an attorney. (***See id.*** at 4). Appellant chose to proceed with his appointed counsel.

Upon review, we conclude that the trial court did not abuse its discretion in denying Appellant's request for new appointed counsel. ***See Cook***, ***supra*** at 617; ***Albrecht***, ***supra*** at 709; Pa.R.Crim.P. 122(C). Appellant's sixth issue does not merit relief.

Appellant's issues do not merit relief. Furthermore, this Court has conducted an independent review of the record and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2016